GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for the United States of America
By:     DAVID J. KENNEDY
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone (212) 637-2733
Facsimile (212) 637-0033
david.kennedy2@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GRETCHEN G. HIGGINS and <br> PALEY MANAGEMENT CORP., <br><br> Defendants. | **COMPLAINT** <br><br> 19 Civ. \_\_\_\_ (\_\_\_\_) |

Plaintiff the United States of America, by its attorney Geoffrey S. Berman, United States Attorney for the Southern District of New York, alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action for declaratory relief, injunctive relief, and monetary damages under the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.* (the "FHA"), brought by the United States of America on behalf of Ahmed Maky ("Complainant" or "Mr. Maky"), to redress discrimination on the basis of disability.

2. As alleged more fully below, defendants Gretchen G. Higgins ("Higgins") and Paley Management Corporation ("Paley") (collectively, "Defendants") unlawfully discriminated

against Complainant, a retired law enforcement officer and September 11th first responder who requires an emotional support dog to assist him with his disabilities. Specifically, Defendants sought to evict Complainant for living with an emotional support dog and, after Defendants discontinued the eviction action with prejudice and with each side to bear its own attorney's fees, retaliated and harassed Complainant by continuing to assert a claim for legal fees related to their failed eviction attempt.

3. Defendants' conduct violates the FHA and should be declared unlawful and enjoined, and appropriate monetary damages should be awarded.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3612(o).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the United States' claims occurred there, and the property that is the subject of this suit is located there.

## PARTIES AND PROPERTY

6. Plaintiff is the United States of America.

7. Complainant Ahmed Maky is an individual with a disability, 42 U.S.C. § 3602(h), and is an "aggrieved person" within the meaning of the Act, 42 U.S.C. § 3602(i).

8. Defendant Higgins is the landlord and owner of 225 East 84th Street, an apartment building in New York, New York.

9. Defendant Paley is a property management company that serves as the property manager for 225 East 84th Street.

10. The residential units at 225 East 84th Street are "dwelling[s]," as defined by 42 U.S.C. § 3602(b).

## FACTUAL ALLEGATIONS

11. From 1996 to 2008, Mr. Maky was employed by the City of New York and assigned as a liaison employee to federal law enforcement, specifically, to the federal High Intensity Drug Trafficking Areas program ("HIDTA"). Mr. Maky was a first responder to the events of September 11, 2001, and worked for several months at the World Trade Center site. He was subsequently deputized as a United States Marshal, received a Top Secret security clearance, and worked with the Joint Terrorism Task Force ("JTTF"). His responsibilities included managing the Cyber Unit at HIDTA, which shared information with JTTF and other federal agencies regarding potential terrorist threats.

12. Mr. Maky retired in 2008 due to the stress of his work.

13. Mr. Maky has received psychiatric treatment for depression since 2008. In June 2013, Mr. Maky began receiving treatment for his psychiatric conditions from Dr. William Weiss, a board-certified psychiatrist.

14. Mr. Maky began living at 225 East 84th Street in 1993. At the time he moved into his apartment at 225 East 84th Street, he brought with him a dog, a German Shepherd named Asad. After Asad, two more German Shepherds lived with Mr. Maky, dogs named Ty and Zaza. Mr. Maky had only one dog at a time.

15. In February 2016, Mr. Maky acquired a German Shepherd named Zorro, and brought him to his apartment.

16. On or about May 16, 2016, Defendants issued a "Notice to Cure," dated May 11, 2016, alleging that Mr. Maky violated a substantial obligation of his lease by keeping Zorro in

his apartment. Rule 9 in the rider to Mr. Maky's lease states that "[d]ogs or animals of any kind shall not be kept or harbored in the Apartment, unless in each instance it be expressly permitted in writing by Owner."

17. Although Mr. Maky had kept a dog in his apartment from time to time over the twenty-three years prior to 2016, at no point had Defendants sought to evict him for keeping a dog.

18. Defendants do not have any policy or procedure for evaluating requests made by their tenants to reside with assistance animals.

19. Mr. Maky did not remove Zorro from his apartment in response to the Notice to Cure.

20. On or about June 1, 2016, Defendants served Mr. Maky with a "Notice of Termination" demanding that he vacate his apartment by June 14, 2016.

21. By letter dated June 14, 2016, Mr. Maky advised Defendants that he had psychiatric conditions and requested that Defendants provide him with a reasonable accommodation that would allow him to keep Zorro in the apartment. Mr. Maky included a letter from Dr. Weiss, which stated that Mr. Maky has a chronic and disabling condition, but that Zorro "has already proven to be of great benefit to his emotional well-being." (Exh. A (Letter from Dr. William Weiss, June 6, 2016 (partly redacted)).) Specifically, Dr. Weiss explained that pets like Zorro "can powerfully raise self-esteem and improve self-respect. They offer companionship, are a buffer against loneliness and also provide an opportunity for patients to develop empathic skills." Dr. Weiss concluded that "[i]n my medical opinion, Mr. Maky's mental state has been powerfully enhanced by the opportunity to live with his dog, and I have therefore endorsed his continued caretaking involvement with Zorro." (*Id.*)

4

22. Mr. Maky's letter of June 14, 2016 further documented that Mr. Maky had been receiving Social Security Disability payments since May 2008.

23. Defendants never responded to Mr. Maky's request for a reasonable accommodation.

24. On or about June 28, 2016, Defendants commenced eviction proceedings against Mr. Maky.

25. On January 25, 2017, the parties settled the eviction proceeding. The stipulation of settlement provides: "1. The instant proceeding is discontinued with prejudice, including the petition and the respondent's counterclaim for legal fees; and 2. Each party bears its own attorney fees." (Exh. B (Stipulation of Settlement, Jan. 25, 2017).)

26. Nevertheless, notwithstanding the settlement of the eviction action and the express terms of the settlement agreement, Defendants have billed Mr. Maky for the legal fees incurred by Defendants in the eviction proceeding.

27. Specifically, since the settlement of the eviction action, Mr. Maky's rental invoices have contained a line for "ARREARS," in increasing amounts, and included these "arrears" in the "Amounts Due." The invoice dated March 23, 2017 includes a claim for "arrears" in the amount of $8,375; the invoice dated April 25, 2017 includes a claim for "arrears" in the amount of $8,500; and the invoice dated January 25, 2019 includes a claim for "arrears" in the amount of $9,788.47. (Copies of these invoices are attached as Exh. C (partly redacted).)

28. Mr. Maky has not paid these "arrears," but Defendants continue to assert their claim for these "arrears."

29. In response to an inquiry from the United States Department of Housing and Urban Development ("HUD"), Counsel for Defendants explained that:

> Although not collectible at this time, the attorneys fees are retained on the ledger or invoice as they may be collectible under certain circumstnaces [sic] – for example, the even [sic] it is necessary to restore the proceeding or in the event the proceeding is restored, in the event that the landlord commences a "chronic litigancy" holdover against the tenant, etc.

(Exh. D (Email from Dean Dreiblatt to Belinda Boxer, Feb. 6, 2018) (partly redacted).) As the attachment to Exhibit D demonstrates, the "arrears" are the legal fees incurred by Defendants in the eviction proceeding.

30. The settlement of the eviction action, which Defendants improperly brought in violation of Mr. Maky's rights under the FHA, expressly discontinued the action "with prejudice" and expressly provided that "[e]ach party bears its own attorney fees." (Exh. B.) Defendants' continued assertion of a claim for attorneys' fees, therefore, is baseless and constitutes harassment of Mr. Maky in retaliation for the exercise of his rights under the FHA.

31. Defendants' actions have resulted in exacerbation of Mr. Maky's psychiatric conditions, as well as emotional distress.

32. Defendants' discriminatory actions were intentional, willful, and taken in disregard of the rights of Mr. Maky.

## PROCEDURAL BACKGROUND

33. On October 31, 2016, four months after Defendants commenced the eviction proceeding, Mr. Maky filed a complaint with HUD alleging discrimination on the basis of disability.

34. The Secretary of HUD (the "Secretary") investigated the administrative complaint according to the requirements of 42 U.S.C. § 3610(a) and (b).

35. Based on HUD's investigation of the administrative complaint, the Secretary determined that there was reasonable cause to believe that Defendants discriminated against Complainant on the basis of disability.

36. On February 4, 2019, the Secretary issued a Charge of Discrimination pursuant to 42 U.S.C. § 3610(g)(2), charging Defendants with engaging in discriminatory housing practices in violation of the Act.

37. On February 5, 2019, Defendants timely elected to have the charge decided in a federal civil action, pursuant to 42 U.S.C. § 3612(a) (*see* Exh. E), and agreed to toll the filing date. Following Defendants' election, the Secretary authorized the Attorney General to file this action on Complainants' behalf, pursuant to 42 U.S.C. § 3612(o)(1).

## CLAIM FOR RELIEF

38. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 37 of this Complaint as if fully set forth in this paragraph.

39. Defendants violated the Fair Housing Act, 42 U.S.C. § 3604(f)(2), by discriminating against Complainant in the terms, conditions, and privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of his disability.

40. Defendants violated the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B), by refusing to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling.

41. Defendants violated the Fair Housing Act, 42 U.S.C. § 3617, by coercing, intimidating, threatening, and interfering with Complainant on account of his having exercised or enjoyed his rights under the Act.

WHEREFORE, Plaintiff the United States requests that the Court enter judgment:

1. Declaring that Defendants' policies, practices and/or conduct as set forth above violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.*;

2. Enjoining Defendants, their officers, employees, agents, successors, and all other persons in active concert or participation with them, from:

    (a) discriminating in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2);

    (b) failing or refusing to make reasonable accommodations as required by 42 U.S.C. § 3604(f)(3)(B);

    (c) coercing, intimidating, threatening, and interfering with Complainant on account of his having exercised or enjoyed his rights, in violation of 42 U.S.C. § 3617;

    (d) failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, Complainant to the position he would have been in but for the discriminatory conduct; and

    (e) failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future.

3. Awarding monetary damages to Complainant, pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1); and

    4.    Granting such further relief as this Court may deem just and proper.

The United States respectfully requests trial by jury.

Dated: New York, New York
       April 5, 2019

                                  GEOFFREY S. BERMAN
                                  United States Attorney for the
                                  Southern District of New York
                                  *Attorney for the United States of America*

By:       /s/ David J. Kennedy
                                  DAVID J. KENNEDY
                                  Assistant United States Attorney
                                  86 Chambers Street, Third Floor
                                  New York, New York 10007
                                  Telephone: (212) 637-2733
                                  Facsimile: (212) 637-0033
                                  Email: david.kennedy2@usdoj.gov

# WILLIAM WEISS, M. D.

June 6, 2016

<u>To Whom It May Concern</u>:

Mr. Ahmed Maky (DOB:            ) has been under my care since June, 2013, receiving treatment for a disorder diagnosed as: Major Depression. Mr. Maky's condition is chronic and disabling in severity -- he has received Social Security Disability payments for many years. I am writing to provide you with some background regarding Mr. Maky's relationship to his pet dog, Zorro, who recently entered his life and who has already proved to be of great benefit to his emotional well-being.

The role of pets in the treatment of Depression and other emotional disorders is well known. In addition to teaching consistency, reliability and responsibility, pets can powerfully raise self-esteem and improve self-respect. They offer companionship, are a buffer against loneliness and also provide an opportunity for patients to develop empathic skills. Many other benefits of pets could be mentioned, and in Mr. Maky's case, Zorro has already had a significant therapeutic impact.

In my medical opinion, Mr. Maky's mental state has been powerfully enhanced by the opportunity to live with his dog and I have therefore endorsed his continued caretaking involvement with Zorro. Any help you can provide in supporting this highly therapeutic relationship would be most greatly appreciated.

Should you require any further information regarding this matter, please feel free to contact me.

Sincerely,

*[signature]*

William Weiss, M.D.
Board Certified Psychiatrist

**CIVIL COURT OF THE CITY OF NEW YORK**
County of NY
Date 1/25/17  Part C

Index No. L&T: 67708/16
Page 1 of 1
Hon. Jack Stoller

Gretchen Higgins
(Petitioner(s)),
against
Ahmed Maky
Respondent(s)

**STIPULATION OF SETTLEMENT**

*The parties understand that each party has the right to a trial, the right to see a Judge at any time and the right not to enter into a stipulation of settlement. However, after review of all the issues, the parties agree that they do not want to go to trial and instead agree to the following stipulation in settlement of the issues in this matter.*

| Party (please print) | Added/Amended or Deleted | Appearance | No Appearance | No Answer |
|---|---|---|---|---|
| Petitioner | | ✓ | | |
| Respondent 1 | | ✓ | | |
| Respondent 2 | | | | |
| Respondent 3 | | | | |

1. THE INSTANT PROCEEDING IS DISCONTINUED WITH PREJUDICE, INCLUDING THE PETITION & THE RESPONDENT'S COUNTERCLAIM FOR LEGAL FEES.

2. Each party bears its own attorney fees.

[signatures]
Atty for Petitioner
Todd A. Rose

Fischman & Fischman
By: [signature]
Lori Pave Fischman
Attys for Resp.

So Ordered
[signature]
JACK STOLLER
JUDGE HOUSING COURT

CIV-LT-30 page 1 (Revised 4/07)

"An optimist is the human personification of spring."
~Susan J. Bissonette

| Date Due |
|---|
| 05/1/17 |

Make Check Payable To: **Paley Management Corp.**

Make Inquiries To: 212-288-0050

Name: AHMED M. MAKY

Please Return Payment To:
Paley Management Corp.- 112
PO Box I(Eye), Gracie Station
New York, NY 10028-0028

Account: 112-2B    Amount Due: 9,347.78

---

Paley Management Corp.
221 East 83rd Street
New York, NY 10028
212-288-0050

Keep This Stub For Your Records

| Account No. | Billing Date |
|---|---|
| 112-2B | 4/25/2017 |

| Item | Amount |
|---|---|
| APT RENT | 1,480.67 |
| MARKET RENT CR | -632.89 |
| ARREARS | 8,500.00 |

| Date Due | Amount Due |
|---|---|
| 05/1/17 | 9,347.78 |

"It was a bright cold day in April, and the clocks were striking thirteen." ~ George Orwell, 1984

Make Check Payable To: **Paley Management Corp.**

Make Inquiries To: 212-288-0050

| | Date Due |
|---|---|
| | 04/1/17 |

Name: AHMED M. MAKY

Please Return Payment To:

Paley Management Corp - 112
PO Box 1(Eye), Gracie Station
New York, NY 10028-0028

Account: 112-2B    Amount Due: 9,347.78

Paley Management Corp.
221 East 83rd Street
New York, NY 10028
212.288.0050

Keep This Stub For Your Records

| Account No. | Billing Date |
|---|---|
| 112-2B | 3/23/2017 |

| Item | Amount |
|---|---|
| APT RENT | 1,480.67 |
| MARKET RENT CR | -632.89 |
| LEGAL FEES | 125.00 |
| ARREARS | 8,375.00 |

| Date Due | Amount Due |
|---|---|
| 04/1/17 | 9,347.78 |



**Boxer, Belinda B**

| | |
|---|---|
| **From:** | Dean Dreiblatt <ddreiblatt@roseandroselaw.com> |
| **Sent:** | Thursday, February 08, 2018 9:42 AM |
| **To:** | Boxer, Belinda B |
| **Subject:** | FW: Additional Information |
| **Attachments:** | maky.pdf; maky ledger.pdf |

The Respondent's responses are as follows:

1. Respondent objects to demands 1-3 on the basis that these demands are irrelevant to the complaint and are not calculated to provide information or documents probative of that complaint. Notwitstanding the objection and without waiving the objection, attached please find a copy of the rent ledger for the complaint, and the most recent invoice. The system used by the landlord's agent cannot re-generate old invoices. Although not collectible at this time, the attorneys fees are retained on the ledger or invoice as they may be collectible under certain circumstnaces—for example, the even it is necessary to restore the proceeding or in the event the proceeding is restored, in the event that the landlord commences a "chronic litigancy" holdover against the tenant, etc. Parenthically, this is not an issue confined to this tenant or this owner.
Our office represents many landlords, including large landlords, in landlord-tenant litigation. It is a frequent issue with many landlords and their systems that attorneys fees are carried on rent invoices and rent ledgers, even where a proceeding is not actually commenced or even well after the termination or resolution of a proceeding.
2. The Respondent does not have a written "reasonable accommodation" policy—The Respondent owner is an individual who owns this one building, which consists of seven units. The Respondent's reasonable accommodation policy is to comply with the law.
3. The January 2017 stipulation was previously provided.

**From:** Boxer, Belinda B [mailto:Belinda.Boxer@hud.gov]
**Sent:** Tuesday, February 06, 2018 9:48 AM
**To:** Dean Dreiblatt
**Subject:** Additional Information

Good Morning Mr. Dreiblatt,

I need some additional information from your client regarding the pending Ahmed Maky v. Gretchen Higgins and Paley Management case.

Specifically, please gather and submit to me the following, no later than COB Thursday, February 8, 2018.

1. Copies of Complainant's rent invoices from February 2016 through present (February 2018)
2. What is the arrearage shown on Complainant's rent statements comprised of? Is it rent? Is it legal fees? Is it late fees?
3. Explain, in detail, why Respondents cannot remove the arrears from Complainant's rent statements. What, if anything, does Complainant actually owe, and why is that not the amount reflected on his rent statements?
4. Provide a copy of Respondents' reasonable accommodation policy, if there is one.

1

5. Provide a copy of the final stipulation signed in January 2017 allowing Complainant to keep his dog.
6. Provide a copy of the letter that was given to Complainant in December 2017, stating he did not owe arrears.

Again, please have this to me by COB Thursday, Feb 8. If you have any questions, please feel free to contact me,

Belinda

**Belinda Boxer, Investigator/Equal Opportunity Specialist**
U.S. Dept. of Housing and Urban Development | Office of Fair Housing & Equal Opportunity
26 Federal Plaza, Rm 3532 | New York, NY 10278
☎ 212.542.7561 | 🖷 212.264.9829 | Belinda.Boxer@hud.gov

Building Number: 112
Unit Number:

Case 1:19-cv-03083  Document 1-4  Filed 04/05/19  Page 3 of 5

Tenant Ledger
MAKY, AHMED M.

Page 1 Of 3
Printed: 02/06/18 at 05:00pm

| Billing Period | Batch Number | Type | Trans Date | Charge Description | Billing/ Adjustment | Check Number | Payments | Running Balance |
|---|---|---|---|---|---|---|---|---|
| | | | February 2016 | | | | | |
| Opening Balance | | | | | | | | 0.00 |
| 02/01/16 | SYS | BILL | 02/01/16 | APT RENT | 1480.67 | | | 1480.67 |
| 02/01/16 | SYS | BILL | 02/01/16 | MARKET RENT CR | -632.89 | | | 847.78 |
| | 66634 | PAID | 02/03/16 | | | 249 | 847.78 | 0.00 |
| | | | March 2016 | | | | | |
| Opening Balance | | | | | | | | 0.00 |
| 03/01/16 | SYS | BILL | 03/01/16 | APT RENT | 1480.67 | | | 1480.67 |
| 03/01/16 | SYS | BILL | 03/01/16 | MARKET RENT CR | -632.89 | | | 847.78 |
| | 66903 | PAID | 03/03/16 | | | 250 | 847.78 | 0.00 |
| | | | April 2016 | | | | | |
| Opening Balance | | | | | | | | 0.00 |
| 04/01/16 | SYS | BILL | 04/01/16 | APT RENT | 1480.67 | | | 1480.67 |
| 04/01/16 | SYS | BILL | 04/01/16 | MARKET RENT CR | -632.89 | | | 847.78 |
| | 67181 | PAID | 04/04/16 | | | CASH | 847.78 | 0.00 |
| | | | May 2016 | | | | | |
| Opening Balance | | | | | | | | 0.00 |
| 05/01/16 | SYS | BILL | 05/01/16 | APT RENT | 1480.67 | | | 1480.67 |
| 05/01/16 | SYS | BILL | 05/01/16 | MARKET RENT CR | -632.89 | | | 847.78 |
| | 67488 | PAID | 05/03/16 | | | 152 | 847.78 | 0.00 |
| | | | June 2016 | | | | | |
| Opening Balance | | | | | | | | 0.00 |
| 06/01/16 | SYS | BILL | 06/01/16 | APT RENT | 1480.67 | | | 1480.67 |
| 06/01/16 | SYS | BILL | 06/01/16 | MARKET RENT CR | -632.89 | | | 847.78 |
| | 67785 | PAID | 06/03/16 | | | 155 | 847.78 | 0.00 |
| | | | July 2016 | | | | | |
| Opening Balance | | | | | | | | 0.00 |
| 07/01/16 | SYS | BILL | 07/01/16 | APT RENT | 1480.67 | | | 1480.67 |
| 07/01/16 | SYS | BILL | 07/01/16 | MARKET RENT CR | -632.89 | | | 847.78 |
| 07/01/16 | SYS | BILL | 07/01/16 | LEGAL FEES | 1212.50 | | | 2060.28 |
| | | | August 2016 | | | | | |
| Opening Balance | | | | | | | | 2060.28 |
| 08/01/16 | SYS | BILL | 08/01/16 | APT RENT | 1480.67 | | | 3540.95 |
| 08/01/16 | SYS | BILL | 08/01/16 | MARKET RENT CR | -632.89 | | | 2908.06 |
| 08/01/16 | SYS | BILL | 08/01/16 | LEGAL FEES | 412.50 | | | 3320.56 |
| | | | September 2016 | | | | | |
| Opening Balance | | | | | | | | 3320.56 |
| 09/01/16 | SYS | BILL | 09/01/16 | APT RENT | 1480.67 | | | 4801.23 |
| 09/01/16 | SYS | BILL | 09/01/16 | MARKET RENT CR | -632.89 | | | 4168.34 |
| 09/01/16 | SYS | BILL | 09/01/16 | LEGAL FEES | 312.50 | | | 4480.84 |
| | | | October 2016 | | | | | |
| Opening Balance | | | | | | | | 4480.84 |
| 10/01/16 | SYS | BILL | 10/01/16 | APT RENT | 1480.67 | | | 5961.51 |
| 10/01/16 | SYS | BILL | 10/01/16 | MARKET RENT CR | -632.89 | | | 5328.62 |
| 10/01/16 | SYS | BILL | 10/01/16 | LEGAL FEES | 1375.00 | | | 6703.62 |
| | | | November 2016 | | | | | |
| Opening Balance | | | | | | | | 6703.62 |
| 11/01/16 | SYS | BILL | 11/01/16 | APT RENT | 1480.67 | | | 8184.29 |
| 11/01/16 | SYS | BILL | 11/01/16 | MARKET RENT CR | -632.89 | | | 7551.40 |
| 11/01/16 | SYS | BILL | 11/01/16 | LEGAL FEES | 1487.50 | | | 9038.90 |
| | | | December 2016 | | | | | |
| Opening Balance | | | | | | | | 9038.90 |
| 12/01/16 | SYS | BILL | 12/01/16 | APT RENT | 1480.67 | | | 10519.57 |
| 12/01/16 | SYS | BILL | 12/01/16 | MARKET RENT CR | -632.89 | | | 9886.68 |
| | 69796A | PAID | 12/19/16 | | | 24066521280 | 847.78 | 9038.90 |
| | 69796B | PAID | 12/19/16 | | | 23462366073 | 847.78 | 8191.12 |
| | | | January 2017 | | | | | |

Building Number: 112
Unit Number: 2B

Case 1:19-cv-03083 Document 1-4 Filed 04/05/19 Page 4 of 5

Tenant Ledger
MAKY, AHMED M.

Page 2 Of 3
Printed: 02/06/18 at 05:00pm

| Billing Period | Batch Number | Type | Trans Date | Charge Description | Billing/ Adjustment | Check Number | Payments | Running Balance |
|---|---|---|---|---|---|---|---|---|
| Opening Balance | | | | | | | | 8191.12 |
| 01/01/17 | SYS | BILL | 01/01/17 | APT RENT | 1480.67 | | | 9671.79 |
| 01/01/17 | SYS | BILL | 01/01/17 | MARKET RENT CR | -632.89 | | | 9038.90 |
| 01/01/17 | SYS | BILL | 01/01/17 | LEGAL FEES | 1000.00 | | | 10038.90 |
| | 70143A | PAID | 01/27/17 | | | 24066558145 | 847.78 | 9191.12 |
| | 70143B | PAID | 01/27/17 | | | 24066558134 | 847.78 | 8343.34 |
| | | | February 2017 | | | | | |
| Opening Balance | | | | | | | | 8343.34 |
| 02/01/17 | SYS | BILL | 02/01/17 | APT RENT | 1480.67 | | | 9824.01 |
| 02/01/17 | SYS | BILL | 02/01/17 | MARKET RENT CR | -632.89 | | | 9191.12 |
| 02/01/17 | SYS | BILL | 02/01/17 | LEGAL FEES | 450.00 | | | 9641.12 |
| | 70390D | PAID | 02/15/17 | | | 24066515878 | 847.78 | 8793.34 |
| | 70390A | PAID | 02/15/17 | | | 19682670036 | 847.78 | 7945.56 |
| | 70390B | PAID | 02/15/17 | | | 19682670025 | 847.78 | 7097.78 |
| | 70390C | PAID | 02/15/17 | | | 19682670014 | 847.78 | 6250.00 |
| | | | March 2017 | | | | | |
| Opening Balance | | | | | | | | 6250.00 |
| 03/01/17 | SYS | BILL | 03/01/17 | APT RENT | 1480.67 | | | 7730.67 |
| 03/01/17 | SYS | BILL | 03/01/17 | MARKET RENT CR | -632.89 | | | 7097.78 |
| 03/01/17 | SYS | BILL | 03/01/17 | LEGAL FEES | 2125.00 | | | 9222.78 |
| | 70515 | PAID | 03/02/17 | | | 24305232464 | 847.78 | 8375.00 |
| | | | April 2017 | | | | | |
| Opening Balance | | | | | | | | 8375.00 |
| 04/01/17 | SYS | BILL | 04/01/17 | APT RENT | 1480.67 | | | 9855.67 |
| 04/01/17 | SYS | BILL | 04/01/17 | MARKET RENT CR | -632.89 | | | 9222.78 |
| 04/01/17 | SYS | BILL | 04/01/17 | LEGAL FEES | 125.00 | | | 9347.78 |
| | 70851 | PAID | 04/04/17 | | | 24305257168 | 847.78 | 8500.00 |
| | | | May 2017 | | | | | |
| Opening Balance | | | | | | | | 8500.00 |
| 05/01/17 | SYS | BILL | 05/01/17 | APT RENT | 1480.67 | | | 9980.67 |
| 05/01/17 | SYS | BILL | 05/01/17 | MARKET RENT CR | -632.89 | | | 9347.78 |
| | 71090 | PAID | 05/02/17 | | | 23699014312 | 847.76 | 8500.02 |
| | | | June 2017 | | | | | |
| Opening Balance | | | | | | | | 8500.02 |
| 06/01/17 | SYS | BILL | 06/01/17 | APT RENT | 1480.67 | | | 9980.69 |
| 06/01/17 | SYS | BILL | 06/01/17 | MARKET RENT CR | -632.89 | | | 9347.80 |
| | 71395 | PAID | 06/02/17 | | | 179 | 847.78 | 8500.02 |
| | | | July 2017 | | | | | |
| Opening Balance | | | | | | | | 8500.02 |
| 07/01/17 | SYS | BILL | 07/01/17 | APT RENT | 1480.67 | | | 9980.69 |
| 07/01/17 | SYS | BILL | 07/01/17 | MARKET RENT CR | -632.89 | | | 9347.80 |
| | | | August 2017 | | | | | |
| Opening Balance | | | | | | | | 9347.80 |
| 08/01/17 | SYS | BILL | 08/01/17 | APT RENT | 1480.67 | | | 10828.47 |
| 08/01/17 | SYS | BILL | 08/01/17 | MARKET RENT CR | -632.89 | | | 10195.58 |
| | 72006 | PAID | 08/03/17 | | | 24673529024 | 847.78 | 9347.80 |
| | | | September 2017 | | | | | |
| Opening Balance | | | | | | | | 9347.80 |
| 09/01/17 | SYS | BILL | 09/01/17 | APT RENT | 1480.67 | | | 10828.47 |
| 09/01/17 | SYS | BILL | 09/01/17 | MARKET RENT CR | -632.89 | | | 10195.58 |
| 09/01/17 | SYS | BILL | 09/01/17 | LEGAL FEES | 187.50 | | | 10383.08 |
| | | | October 2017 | | | | | |
| Opening Balance | | | | | | | | 10383.08 |
| 10/01/17 | SYS | BILL | 10/01/17 | APT RENT | 1480.67 | | | 11863.75 |
| 10/01/17 | SYS | BILL | 10/01/17 | MARKET RENT CR | -632.89 | | | 11230.86 |
| 10/01/17 | SYS | BILL | 10/01/17 | LEGAL FEES | 250.00 | | | 11480.86 |
| | 72688C | PAID | 10/12/17 | | | 24673566756 | 847.78 | 10633.08 |
| | 72688A | PAID | 10/12/17 | | | 24673566734 | 847.78 | 9785.30 |

Building Number: 112
Unit Number: 2B

Case 1:19-cv-03083  Document 1-4  Filed 04/05/19  Page 5 of 5

Tenant Ledger
MAKY, AHMED M.

Page 3 Of 3
Printed: 02/06/18 at 05:00pm

| Billing Period | Batch Number | Type | Trans Date | Charge Description | Billing/ Adjustment | Check Number | Payments | Running Balance |
|---|---|---|---|---|---|---|---|---|
|  | 72688B | PAID | 10/12/17 |  |  | 24673566745 | 847.78 | 8937.52 |
|  |  |  | November 2017 |  |  |  |  |  |
| Opening Balance |  |  |  |  |  |  |  | 8937.52 |
| 11/01/17 | SYS | BILL | 11/01/17 | APT RENT | 1480.67 |  |  | 10418.19 |
| 11/01/17 | SYS | BILL | 11/01/17 | MARKET RENT CR | -632.89 |  |  | 9785.30 |
|  | 72829 | PAID | 11/01/17 |  |  | 24673566767 | 847.78 | 8937.52 |
|  | 72979 | PAID | 11/08/17 |  |  | CASH | 0.02 | 8937.50 |
|  |  |  | December 2017 |  |  |  |  |  |
| Opening Balance |  |  |  |  |  |  |  | 8937.50 |
| 12/01/17 | SYS | BILL | 12/01/17 | APT RENT | 1480.67 |  |  | 10418.17 |
| 12/01/17 | SYS | BILL | 12/01/17 | MARKET RENT CR | -632.89 |  |  | 9785.28 |
|  | 73149 | PAID | 12/01/17 |  |  | 24753140493 | 847.78 | 8937.50 |
|  |  |  | January 2018 |  |  |  |  |  |
| Opening Balance |  |  |  |  |  |  |  | 8937.50 |
| 01/01/18 | SYS | BILL | 01/01/18 | APT RENT | 1480.67 |  |  | 10418.17 |
| 01/01/18 | SYS | BILL | 01/01/18 | MARKET RENT CR | -632.89 |  |  | 9785.28 |
|  | 73457 | PAID | 01/05/18 |  |  | 17-704670204 | 847.78 | 8937.50 |
|  |  |  | February 2018 |  |  |  |  |  |
| Opening Balance |  |  |  |  |  |  |  | 8937.50 |
| 02/01/18 | SYS | BILL | 02/01/18 | APT RENT | 1510.28 |  |  | 10447.78 |
| 02/01/18 | SYS | BILL | 02/01/18 | MARKET RENT CR | -645.54 |  |  | 9802.24 |

# ROSE & ROSE

ATTORNEYS AT LAW

291 BROADWAY, 13TH FLOOR

NEW YORK, NEW YORK 10007

TELEPHONE: (212) 349-3366

FACSIMILE: (212) 349-2292

PETER A. ROSE
TODD A. ROSE
DAVID P. HABERMAN**
PHILLIP L. WARTELL***
PAUL COPPE

DEAN DREIBLATT
KENNETH E. ROSEN***
LANCE LUCKOW
JAMES BAYLEY
IRINA SVETLICHNAYA*
ERIC STIEGLITZ*
JAINEY SAMUEL

\* ALSO MEMBER OF NJ BAR
\*\* ALSO MEMBER OF MO BAR
\*\*\* ALSO MEMBER OF CT BAR

US Department of HUD
Office of the Regional Counsel, Region II

FEB - 7 2019

RECEIVED

February 5, 2019

**BY FEDEX**
Docket Clerk
Office of Administrative Law Judges
US Department of Housing and Urban Development
409 3rd Street SW Suite 201
Washington, DC 20024

Re:   Notice of Election of Right to Have Claims Decided in a Civil Action;
Secretary, US Department of Housing and Development on behalf of Ahmed Maky v. Gretchen G. Higgins and Paley Management Corporation
FHEO No. 2-17-5226-8

Dear Sirs or Madams:

We represent Gretchen G. Higgins and Paley Management Corporation, the Respondents in the above-referenced matter. A Determination of Reasonable Cause and Charge of Discrimination were issued on February 4, 2019 and received by Respondents' counsel on February 5, 2019.

This is to notify you that the Respondents hereby elect pursuant to 42 USC 3612(a) to have the above-referenced case determined in Court in a civil action. Therefore, any action commenced in this case should be commenced in federal district court.

Sincerely yours,

Dean Dreiblatt

DD/ims
cc.:   Ahmad Maky
Isabel DeMoura, Esq.
Kathleen Pennington, Esq.
David Enzel
Elizabeth Singer