GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
Attorney for the United States of America
By: ALEXANDER J. HOGAN
      DAVID J. KENNEDY
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone (212) 637-2799/2733
Facsimile (212) 637-0033
alexander.hogan@usdoj.gov
david.kennedy2@usdoj.gov
> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 11/19/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GRETCHEN G. HIGGINS and<br>PALEY MANAGEMENT CORP.,<br><br>    Defendants. | **CONSENT DECREE**<br><br>19 Civ. 3083 (JSR) |

This Consent Decree is entered into between the United States of America (the "United States" or the "Government") and Gretchen G. Higgins ("Higgins") and Paley Management Corporation ("Paley") (collectively, "Defendants").

## BACKGROUND

WHEREAS, the United States filed suit to enforce provisions of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* (the "FHA" or the "Act"), alleging in the complaint in this action (the "Complaint"), filed on April 5, 2019, that Defendants have discriminated against Ahmed Maky ("Maky") in violation of the FHA;

WHEREAS, Higgins is the landlord and owner of 225 East 84th Street, an apartment building in New York, New York;

WHEREAS, Paley is a property management company that serves as the property manager for 225 East 84th Street, as well as several other properties in Manhattan;

WHEREAS, in the complaint, the United States alleges that Maky is an individual with a disability within the meaning of the Act, 42 U.S.C. § 3602(h), and is an "aggrieved person" within the meaning of the Act, 42 U.S.C. § 3602(i);

WHEREAS, in the complaint, the United States alleges that in February 2016, Maky acquired a dog and brought the dog to his apartment;

WHEREAS, in the complaint, the United States alleges that on or about May 16, 2016, Defendants issued a "Notice to Cure," dated May 11, 2016, alleging that Maky violated a substantial obligation of his lease by keeping a dog in his apartment;

WHEREAS, in the complaint, the United States alleges that on or about June 1, 2016, Defendants served Maky with a "Notice of Termination" demanding that he vacate his apartment by June 14, 2016;

WHEREAS, in the complaint, the United States alleges that by letter dated June 14, 2016, Maky advised Defendants that he had a disability and requested that Defendants provide him with a reasonable accommodation that would allow him to keep the dog in his apartment, including a letter from his board-certified physician and documentation establishing his receipt of Social Security Disability payments;

WHEREAS, in the complaint, the United States alleges that on or about June 22, 2016, Defendants commenced a holdover proceeding against Maky;

WHEREAS, in the complaint, the United States alleges that on January 25, 2017, the parties settled the holdover proceeding with a stipulation of settlement that provided: "1. The instant proceeding is discontinued with prejudice, including the petition and the respondent's counterclaim for legal fees; and 2. Each party bears its own attorney fees.";

WHEREAS, in the complaint, the United States alleges that Defendants' legal fees continued to appear on Maky's rental invoices thereafter;

WHEREAS, on October 31, 2016, approximately four months after Defendants commenced the holdover proceeding, Maky filed a complaint with the Department of Housing and Urban Development ("HUD") alleging discrimination on the basis of disability;

WHEREAS, on February 4, 2019, the Secretary of HUD issued a Charge of Discrimination pursuant to 42 U.S.C. § 3610(g)(2), charging Defendants with engaging in discriminatory housing practices in violation of the FHA;

WHEREAS, on February 5, 2019, Defendants timely elected to have the charge decided in a federal civil action, pursuant to 42 U.S.C. § 3612(a); and

WHEREAS, on June 7, 2019, Defendants answered the complaint, did not admit to the allegations therein or to liability for any violation of the FHA or any other statute, which remains unchanged by this Consent Decree;

WHEREAS, in Defendants' answer, they denied the allegations and averred that: (1) on or about April 21, 2016, Maky sent a letter to Defendants stating he had obtained a dog, but had not sought permission from Defendants to do so; (2) Maky did not inform Defendants of his disability or request a reasonable accommodation until June 14, 2016; and (3) the carrying of attorneys' fees from the holdover proceeding on Maky's rent ledger was inadvertent;

WHEREAS, the United States and Defendants, to avoid the time, expense, and burden of litigation, wish to resolve all of the Government's claims brought in this action by willingly entering into this Consent Decree;

**It is hereby STIPULATED, AGREED, and ORDERED as follows:**

## I. JURISDICTION

1. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 3612(o).

## II. NON-DISCRIMINATION

2. Defendants, and their officers, employees, agents, successors, and assigns, and all other persons in active concert or participation with Defendants, will not discriminate on the basis of disability as prohibited by the FHA. Specifically, Defendants, and their officers, employees, agents, successors, and assigns, and all other persons in active concert or participation with Defendants, will not:

(a) discriminate in the sale or rental, or otherwise make unavailable or deny, a dwelling to any buyer or renter because of a disability, in violation of 42 U.S.C. § 3604(f)(1)(A);

(b) discriminate in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2);

(c) fail or refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford persons with disabilities equal opportunity to use and enjoy a dwelling, as required by 42 U.S.C. § 3604(f)(3)(B);

(d) coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of any person having exercised or enjoyed, or on account of any person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by Section 3604 of the FHA, in violation of 42 U.S.C. § 3617.

## III. ADOPTION OF REASONABLE ACCOMMODATION POLICIES

3. As soon as reasonably possible, but no later than fifteen (15) days after the entry of this Consent Decree, Paley shall adopt and implement the reasonable accommodation policy and guidelines for receiving and handling requests for reasonable accommodations made by individuals with disabilities, entitled "Paley Management Corp. Reasonable Accommodation Policy," attached hereto in **Appendix A** (the "Reasonable Accommodation Policy").

4. Paley shall adhere to the Reasonable Accommodation Policy at all buildings managed by Paley.

5. Paley shall include a copy of Form A, "Application for Reasonable Accommodation," attached to Appendix A, to all applications for purchasing, leasing, or taking occupancy of any apartments, cooperative units, and any other types of housing that are managed by Paley.

6. Paley shall provide notice and documentation to the United States within fifteen (15) days of adoption and implementation of the Reasonable Accommodation Policy.

7. No later than thirty (30) days after the entry of this Consent Decree, Paley shall provide a copy of the Reasonable Accommodation Policy to all of its agents and employees involved in selling, leasing, taking applications of occupancy for, or otherwise managing apartments, cooperative units, and any other types of housing or involved in enforcing any of its rules or regulations relating to reasonable accommodations. Paley shall secure the signed

5

statement from each such agent or employee acknowledging that he or she has received the Reasonable Accommodation Policy, and has had an opportunity to read it (including all appendices thereto) and to have questions about the documents answered. This statement shall be substantially similar to the form of **Appendix B**. Paley will similarly provide any new agent or employee involved in selling, leasing, taking applications of occupancy for, or otherwise managing apartments, cooperative units, and any other types of housing, or involved in enforcing any related rules or regulations, no later than thirty (30) days after the date he or she commences such agency or employment relationship with Paley, a copy of the Reasonable Accommodation Policy, and Paley shall require each such new agent or employee to sign a statement acknowledging that he or she has received the Reasonable Accommodation Policy, and has had an opportunity to read it and to have questions about the documents answered.

8. Paley shall post its Accommodation Policy on its website, in a conspicuous location and accessible format.

### IV. FAIR HOUSING TRAINING

9. Paley will provide annual training regarding the FHA and its Reasonable Accommodation Policy, as well as information about state and local fair housing laws, to all current or future agents or employees who receive, process, review, make determinations, or are involved in enforcing any of Paley's rules or regulations with regard to any reasonable accommodation request, including attorneys.

10. Each training shall last approximately three (3) hours and be conducted at an accessible location to be designated by Paley. Paley will provide the first annual training within ninety (90) days after entry by the Court of this Consent Decree.

11. As to Paragraphs 9 and 10, the deadlines and procedures provided therein may be subsequently modified upon agreement of the parties.

12. Paley agrees to make reasonable efforts to ensure that each of its employees, agents, and members described in Paragraph 9 attends the training sessions.

13. Paley shall pay the reasonable costs associated with the trainings, including the location, materials distributed at the trainings, and reasonable fees and travel costs for the trainer.

14. Paley shall obtain approval of the trainer prior to the trainings from the United States Attorney's Office for the Southern District of New York, by submitting, within 45 days before the training, the proposed trainer's resume as well as training agenda and materials to be used at the training.

15. Within ten (10) days of conducting the first annual training, Paley shall provide a copy of the training materials, attendance records, and signed Acknowledgments of Receipt of its respective Reasonable Accommodation Policy to the Government. Paley agrees to make future training materials, attendance records, and signed acknowledgements of receipt, available to the Government upon reasonable request.

## V. RECORDKEEPING

16. For three (3) years after this Consent Decree is entered, Paley shall provide the United States with a copy of any written administrative or judicial fair housing complaint against Paley, or any officers, employees, agents, successors, or assigns of Paley, alleging unlawful disability discrimination under the FHA ("FHA Complaint"), and shall do so within twenty (20) days after receipt of any FHA Complaint. Upon reasonable notice, Paley shall also provide the United States all information the United States may request concerning any FHA Complaint.

Within twenty (20) days after the resolution of any FHA Complaint, Paley shall provide the United States a copy of any document reflecting such resolution.

17. For three (3) years after this Consent Decree is entered, Paley shall maintain copies of any documents related to any request for reasonable accommodation, including, but not limited to, the completed application Form A attached to Appendix A received from any housing applicants, supporting documentation received, and any written decisions on requests for reasonable accommodation. Upon reasonable notice, Paley shall also provide the United States the described copies of documents.

18. All notifications from Defendants to the United States pursuant to this Stipulation and Order shall be sent to:

> United States Attorney's Office
> Southern District of New York
> Attention: Chief, Civil Rights Unit
> 86 Chambers Street, 3rd Floor
> New York, New York 10007

With a copy to:

> Alexander J. Hogan
> Assistant U.S. Attorney
> 86 Chambers Street, 3rd Floor
> New York, New York 10007
> Tel. No. (212) 637-2799
> Fax No. (212) 637-0033
> alexander.hogan@usdoj.gov

## VI. TERMS WITH RESPECT TO COMPLAINANT

19. Maky acknowledges that Defendants have granted his reasonable accommodation request made in his June 14, 2016, letter. Defendants will continue to allow Maky to have an emotional support animal subject to him fulfilling the conditions set forth in Appendix C attached hereto and subject to the terms and provisions of the Reasonable Accommodation Policy attached

hereto as Appendix A.

20. Defendants agree that they will not retaliate against or take any action that would interfere with Maky's exercise or enjoyment of, or on account of his having exercised or enjoyed, rights guaranteed by the federal Fair Housing Act and state and local fair housing laws.

21. Defendants permanently waive any and all claims against Maky for attorneys' fees arising out of this proceeding or any other proceeding brought and/or terminated before the date this Stipulation is entered by the Court.

22. Within sixty (60) days of entry of this Consent Decree, Defendants shall pay to Maky the sum of Sixteen Thousand Dollars ($16,000). Said sums shall be paid by delivering to Maky a check made payable to "Ahmed Maky," with proof of payment to counsel for the United States.

23. Within ten (10) days of entry of this Consent Decree, and before any payment to Maky shall be made, Maky shall release all claims against Defendants, in the form attached hereto as **Appendix C**.

## VIII. RESOLUTION OF ACTION, RIGHT OF REINSTATEMENT, AND DURATION OF CONSENT DECREE

24. The Government's claims in this action, including all claims in the Complaint, are hereby dismissed with prejudice, except as otherwise provided in Paragraph 25 below.

25. Should Defendants fail to timely make any required settlement payment described herein or materially breach any other provision of this Consent Decree, the Government reserves the right to move to reinstate some or all of its claims in this action, as may be appropriate, or to seek an order compelling specific performance of the terms of this Consent Decree. Before moving to reinstate any of its claims or seeking an order compelling specific performance, the Government shall first provide Defendants notice of any breach in writing and

shall afford them 30 days from the date of mailing to cure the default. Notice of default shall be mailed to Defendants, care of their attorneys, to:

Rose & Rose
291 Broadway, 13th Floor
New York, NY 10007
Tel.: (212) 349-3366
Fax: (212) 349-2292
Email: ddreiblatt@roseandroselaw.com

26. The United States and the Defendants will each bear their own costs and attorneys' fees.

27. This Consent Decree shall remain in effect for three (3) years following entry of the Consent Decree by the Court. By consenting to entry of this Consent Decree, the parties agree that in the event that a Defendant engages in any conduct occurring after entry of this Consent Decree that leads to a determination of a violation of the FHA, such conduct shall constitute a "subsequent violation" by such Defendant pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii).

28. This Court shall maintain jurisdiction over this action to enforce the terms of this Consent Decree as long as it remains in effect.

*For the United States of America:*

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

Dated: New York, New York
November 14, 2019

By: /s/ Alexander J. Hogan

ALEXANDER J. HOGAN
DAVID J. KENNEDY
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No. (212) 637-2799/2733
Fax No. (212) 637-0033
alexander.hogan@usdoj.gov
david.kennedy2@usdoj.gov

*For Defendants Gretchen Higgins and Paley Management:*

ROSE & ROSE

Dated: New York, New York
November 14, 2019

By: /s/ Dean Dreiblatt

DEAN DREIBLATT, ESQ.
291 Broadway, Suite 1202
New York, NY 10007
Tel.: (212) 349-3366
Fax: (212) 349-2292
E-mail: ddreiblatt@roseandroselaw.com

**SO ORDERED.**

Dated: New York, New York
11/15, 2019

HON. JED S. RAKOFF
United States District Judge

11

# APPENDIX A

## PALEY MANAGEMENT CORP. GUIDELINES REGARDING REASONABLE ACCOMMODATIONS

A. Paley Management Corp. will grant reasonable accommodation requests consistent with the enclosed policy and the following relevant statutes:

1. The Fair Housing Act defines a person with a "handicap" as one who: (a) has a physical or mental impairment which substantially limits one or more of such person's major life activities; or (b) has a record of having such an impairment; or (c) is regarded as having such an impairment, but such term does not include current, illegal use of or addiction to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)).

2. The New York State Executive Law defines a disability as (a) a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques; or (b) a record of such an impairment; or (c) a condition regarded by others as such an impairment.

B. Paley Management Corp. will review and respond with reasonable promptness to all reasonable accommodation requests.

C. All information received by Paley Management Corp. regarding an individual's stated disability, including physical, mental, psychological, and/or psychiatric conditions, and disability-related need for a requested accommodation shall be kept confidential unless the individual authorizes the release of the information or Paley Management Corp. is required to produce the information in response to a subpoena or court order.

D. If the individual has a disability and a disability-related need for a reasonable accommodation under federal, state, or local law, Paley Management Corp. will grant such accommodation as required by law and Paley Management Corp.'s Reasonable Accommodation Policy. Paley Management Corp. will not retaliate against any person because that individual has requested or received a reasonable accommodation. Paley Management Corp. will not discourage any individual from making a reasonable accommodation request where necessary due to disability.

E. Paley Management Corp. will not utilize any property management company or other agent that does not have in place a reasonable accommodation policy substantially similar to Paley Management Corp.'s Reasonable Accommodation Policy.

F. Paley Management Corp. may take action against tenants for noise or damages caused by a service or assistance animal to the same extent that it takes such action against tenants who have caused similar noise or damages.

# PALEY MANAGEMENT CORP. REASONABLE ACCOMMODATION POLICY

    Paley Management Corp. is committed to granting reasonable accommodations to its rules, policies, practices, or services when such accommodations may be necessary to afford people with disabilities an equal opportunity to use and enjoy their dwellings, as required by federal, state, and local law. A reasonable accommodation or modification may include a change or exception to a rule or policy that is needed because of a person's disability, or it may be a physical change to a unit or common area. It is Paley Management Corp.'s general policy to provide reasonable accommodations to individuals with disabilities whenever an individual has a disability and there is a disability-related need for the requested accommodation. A disability-related need for a requested accommodation exists when there is an identifiable relationship, or nexus, between the requested accommodation and the individual's disability. Paley Management Corp. may deny the requested accommodation if providing it would impose an undue financial and administrative burden on Paley Management Corp. or fundamentally alter the nature of Paley Management Corp.'s operations. If granting a reasonable accommodation would impose an undue financial and administrative burden or would fundamentally alter the nature of Paley Management Corp.'s operations, Paley Management Corp. will consult with you and provide any accommodation that would not impose such a burden or result in a fundamental alteration.

    Paley Management Corp. accepts reasonable accommodation requests from persons with disabilities and those acting on their behalf. Reasonable Accommodation Request forms are available in _____, and may be returned to that office when complete. If you require assistance in completing the form, please contact _____ at _____. If you wish to make the request orally, please contact _____. Paley Management Corp. will keep a record of all requests.

    We will make a reasonably prompt decision on your request. If the request is of a time-sensitive nature, please let us know and we will expedite the decision-making process. In the event we need additional information to make a determination, we will promptly advise you of the information needed. It is Paley Management Corp.'s policy to seek only the information needed to determine if a reasonable accommodation should be granted under federal, state, or local law. The information we may seek is set forth in the forms attached to this policy. We will not ask about the nature or extent of your disabilities. If we grant the request, you will receive a letter so indicating.

    If we deny the request, we will provide you with a letter stating the reasons for our denial. If we believe that the requested accommodation poses an undue financial and administrative burden or a fundamental alteration to the nature of Paley Management Corp.'s operations, we will schedule a meeting at a mutually convenient time to discuss possible alternative accommodations. If agreement on an alternative accommodation is not reached, we will send you a letter providing Paley Management Corp.'s decision on your requested accommodation and a detailed explanation of Paley Management Corp.'s reasons for a denial or decision to grant an alternative accommodation.

If an individual with a disability believes that the request has been denied unlawfully or a response has been unreasonably delayed, then he or she may file a complaint by writing or calling any of the following:

| U.S. Department of Housing and Urban Development, Office of Fair Housing and Equal Opportunity 26 Federal Plaza, Room 3532 New York, NY 10278-0068 (800) 496-4294 http://hud.gov/complaints/ | New York State Division of Human Rights 55 Hanson Place, Room 1084 Brooklyn, NY 11217 Tel No. (718) 722-2385 TDD: (718) 741-8300 http://www.dhr.state.ny.us/ | New York City Human Rights Commission 22 Reade St., 1st Floor New York, NY 10007 Tel. No. (212) 306-7450 https://www.nyc.gov/humanrights |
|---|---|---|

## FORM A: APPLICATION FOR REASONABLE ACCOMMODATION

PLEASE COMPLETE THIS FORM TO REQUEST AN ACCOMMODATION. IF YOU REQUIRE ASSISTANCE COMPLETING THIS FORM, OR WISH TO MAKE THE REQUEST ORALLY, PLEASE CONTACT _____ AT _____. PALEY MANAGEMENT CORP. WILL KEEP A RECORD OF ALL REQUESTS.

APPLICANT NAME: _____

ADDRESS: _____

TELEPHONE #: _____

PERSON REQUESTING ACCOMMODATION: _____
(IF DIFFERENT FROM APPLICANT)

RELATIONSHIP TO APPLICANT: _____

1. Please describe the reasonable accommodation you are requesting:




2. Please explain the disability-related reason why this reasonable accommodation is needed. You need not provide detailed information about the nature or severity of the disability.




3. If you are requesting a physical change to the interior of your unit, please describe the modifications. Please also submit a written request as provided for in the proprietary lease and house rules, and comply with any local, State, and Federal laws pertaining to same (e.g., securing the necessary Department of Building permits, maintaining necessary insurance, etc.).

4. If you are requesting a physical change to the exterior of your unit or to a public or common use area, please describe the modification. Please also submit a written request as provided for in the proprietary lease and house rules, and comply with any local, State, and Federal laws pertaining to same (e.g., securing the necessary Department of Building permits, maintaining necessary insurance, etc.).

5. If you are requesting a different accommodation, please describe it here:

_____                    _____
Date                                   Signature

## APPENDIX B

## ACKNOWLEDGMENT OF RECEIPT OF
## PALEY MANAGEMENT CORP. REASONABLE ACCOMMODATION POLICY

I _____, am an employee of _____ and my duties include _____. I have received and read a copy of the Paley Management Corp. Reasonable Accommodation Policy ("Reasonable Accommodation Policy") and have been given instruction on (1) the terms of the Reasonable Accommodation Policy, (2) the Fair Housing Act, particularly related to the Act's reasonable accommodation requirements, and (3) my responsibilities and obligations under the Reasonable Accommodation Policy and the Fair Housing Act. I have had all of my questions concerning the Reasonable Accommodation Policy answered to my satisfaction.

_____, 20___

_____
Employee Signature

## APPENDIX C

In exchange for the relief the United States of America has obtained in its claim on my behalf in the lawsuit captioned *United States v. Gretchen Higgins and Paley Management Corp.*, 19 Civ. 3083 (JSR) (S.D.N.Y.), I, Ahmed Maky, hereby agree to:

1) Release Gretchen Higgins and Paley Management Corp. from all claims arising on or before the date of my signature below under federal, state, and local civil rights law, including but not limited to the Fair Housing Act, in any way relating to Gretchen Higgins and Paley Management Corp.'s alleged failure to provide me with a reasonable accommodation for my disability, and alleged retaliatory acts, occurring on or before the date signed below;

2) Within thirty (30) days of entry of this Consent Decree, sign the pet rider form, which Defendants require tenants with pets to complete;

3) Within thirty (30) days of entry of this Consent Decree, provide proof that the dog I keep in my apartment is licensed pursuant to New York City law and that the dog has the vaccinations required by New York City law;

4) Upon execution of this Consent Decree, I and all persons and/or entities acting in concert or participation with me will refrain from engaging in any conduct, activity, or plan designed or intended to retaliate against or harass another party, and/or their families, on account of the claims resolved in this Consent Decree.

_____    _____
Date                                Ahmed Maky